***NOT FOR PUBLICATION***

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| YUSEF STEELE, | Civil Action No. 14-7418 (MAS) (LHG) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION** |
| CITY OF NEW BRUNSWICK, et al., | |
| Defendants. | |

This matter has come before the Court on a civil rights Complaint filed by Plaintiff Yusef Steele pursuant to 42 U.S.C. § 1983. At this time, the Court must screen the Complaint to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from suit. *See* 28 U.S.C. § 1915(e)(2). For the reasons stated below, the Court dismisses the Complaint.

### A. Statute of Limitations

Under New Jersey law, an action for an injury caused by a wrongful act, neglect, or default must be commenced within two years of accrual of the cause of action. N.J.S.A. § 2A:14-2; *Estate of Lagano v. Bergen Cty. Prosecutor's Office*, 769 F.3d 850, 859 (3d Cir. 2014). Federal courts look to state law to determine the limitations period for § 1983 actions. *Wallace v. Kato*, 549 U.S. 384, 387-88 (2007); *Lagano*, 769 F.3d at 859. Civil rights or constitutional tort claims are best characterized as personal injury actions and are governed by the applicable state's statute of limitations for personal injury actions. *Lagano*, 769 F.3d at 859. Accordingly, New Jersey's two-year limitations period on personal injury actions governs Plaintiff's claims. *Id.*

Here, with the exception of Plaintiff's malicious prosecution claim which the Court addresses below, the Complaint asserts claims, including a claim for false arrest, that arose out of incidents which occurred on April 25, 2009. (Compl. 5, ECF No. 1.) In *Wallace*, the Supreme Court expressly held that such claims begin to accrue "when the plaintiff can file suit and obtain relief." 549 U.S. at 388. "There can be no dispute that petitioner could have filed suit as soon as the allegedly wrongful arrest occurred . . . so the statute of limitations would normally commence to run from that date." *Id.* The Complaint, dated November 17, 2014, is obviously out of time with regard to the claims based on the April 25, 2009 incidents. Accordingly, the Court finds that all claims other than the malicious prosecution claim fail to state a claim upon which relief may be granted because they are time-barred.

### B. Malicious Prosecution

The only claim that is timely in the Complaint is Plaintiff's malicious prosecution claim. Such claim begins to accrue when the criminal proceeding against Plaintiff has ended. *See Wallace*, 549 U.S. at 392. Here, the Complaint alleges that Plaintiff's charges were dismissed on November 30, 2012, (Compl. 14), making the claim timely.

However, to state a valid malicious prosecution claim, Plaintiff must establish that "(1) the defendant initiated a criminal proceeding; (2) the criminal proceeding ended in plaintiff's favor; (3) the proceeding was initiated without probable cause; (4) the defendant acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding." *Kossler v. Crisanti*, 564 F.3d 181. 186 (3d Cir. 2009) (en banc) (internal quotation marks omitted). Here, Plaintiff's only basis for his malicious prosecution claim is that prosecution was initiated without probable cause. There is no factual allegation to establish that any defendant acted maliciously for

a purpose other than bringing Plaintiff to justice. *See also Munchinski v. Soloman*, 618 F. App'x 150, 154 (3d Cir. 2015) ("The arrest of a criminal defendant and the filing of charges are at the core of the prosecutorial function, and '[a] prosecutor is absolutely immune when making [the decision to initiate a prosecution], even where he acts without a good faith belief that any wrongdoing has occurred.'" (quoting *Kulwicki v. Dawson*, 969 F.2d 1454, 1464 (3d Cir. 1992)). Instead, Plaintiff conclusorily states that he was prosecuted maliciously without probable cause. The Court need not credit Plaintiff's conclusory allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (holding that courts are free to ignore factually unsupported accusations that merely state "the-defendant-unlawfully-harmed-me"). As such, the Court finds that the Complaint fails to state a claim upon which relief may be granted with regard to the malicious prosecution claim.

Having dismissed all claims in the Complaint, the Court dismisses the Complaint. However, in the interest of justice, Plaintiff may amend the Complaint within 30 days from entry of the accompanying Order, to cure the defects identified herein. Failure to amend will result in the dismissal of the Complaint with prejudice.

/s/ Michael A. Shipp
Michael A. Shipp
United States District Judge

Date: 5/10/17

3